## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10172-CIV-MOORE

**THOMAS MITCHELL OVERTON**,

       Petitioner,

vs.

**JULIE L. JONES**,

Secretary, Florida Department of Corrections,

      Respondent.

_____ /

## <u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>

Petitioner, Thomas Mitchell Overton ("Mr. Overton") is on death row at the Union Correctional Institution in Raiford, Florida, for the first-degree murders of Michael and Susan McIvor.  The matter before the Court is Mr. Overton's Application for a Certificate of Appealability ("Application") [DE 19].  On November 8, 2013, Mr. Overton filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") [DE 8].  The Court denied habeas relief on January 12, 2016. [DE 16].  Simultaneously, the Court denied a certificate of appealability. ("COA") (*Id.*).  Nonetheless, Mr. Overton filed the Application seeking both a COA and the appointment of conflict-free counsel.[1]  As the Court has previously denied the requested relief, Mr. Overton is actually seeking a reconsideration.  Mr. Overton requests that the

---

[1] Mr. Overton's argument regarding the appointment of conflict-free counsel is virtually identical to the argument he made in his Rule 59(e) Motion seeking the appointment of conflict-free counsel. (*Compare* [DE 17] & [DE 19]).  The request was denied. As no new argument has been raised here, the Court declines to reconsider the substitution of counsel.

Court grant a COA as to Grounds II and IV.[2]  For the reasons that follow, the Application is **DENIED**.

At the time the Court denied federal habeas relief, it considered whether or not Mr. Overton had made a substantial showing of a denial of a constitutional right and "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citation omitted).  ([DE 16] at 81).  The Court was certainly within its purview to do so.  *See Thomas v. Crosby*, 371 F.3d 782, 789 (11th Cir. 2004)(J. Tjoflat, concurring)("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in his mind.").  The Court thoroughly reviewed Mr. Overton's claims and arguments but did not find that he had made the requisite showing of the denial of a constitutional right.  Mr. Overton has not raised any issues or argument in the Application that the Court had not already considered when it found that he did not meet the criteria for a COA.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Petitioner, Thomas Mitchell Overton's Application for a Certificate of Appealability [DE 19] is **DENIED**.

---

[2]  In the Application, Mr. Overton "believes that this Court may be incorrect in its assessment of the timeliness of his Petition."  ([DE 19] at 4, n.1).  However, Mr. Overton does not seek a COA on this issue; rather, he seeks the appointment of conflict-free counsel to argue an entitlement to equitable tolling.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>28th</u>day of March, 2016.

_____

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: counsel of record